# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.M.-J.**

**No. 19-0153** (Mercer County 18-JA-018-DS)

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.M.-J., by counsel David B. Kelley, appeals the Circuit Court of Mercer County's October 26, 2018, order terminating her parental rights to J.M.-J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Phillip Scantlebury, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 26, 2018, the DHHR filed an abuse and neglect petition alleging that petitioner was pulled over for a traffic violation. Law enforcement determined that petitioner was under the influence of alcohol and was driving on a revoked license. The then-two-year-old child was a passenger in the vehicle and was not restrained in a car seat or with a seatbelt. The petition also alleged that petitioner was involved in an armed robbery with five other people on January 24, 2018. She later admitted to having the child with her when the robbery occurred. Lastly, the petition alleged that petitioner had substance abuse issues.

On April 23, 2018, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations of abuse and neglect as set forth in the petition. Petitioner was adjudicated as an abusing parent and was granted a post-adjudicatory improvement period with conditions that she enter a long-term, inpatient treatment program and submit to a psychological

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

evaluation. She was also required to obtain housing and employment. Petitioner participated in the creation of her case plan. At a multidisciplinary team meeting on June 1, 2018, her probation officer informed the DHHR that petitioner had been arrested in Virginia for shoplifting.

On October 22, 2018, the circuit court held a dispositional hearing. Petitioner did not attend, but was represented by counsel. The DHHR informed the circuit court that petitioner was incarcerated at the Federal Correctional Institution- Hazelton, in Bruceton Mills, West Virginia, and that her projected release date was June 9, 2019. The DHHR presented evidence that, although she participated in the creation of the family case plan, petitioner failed to initiate or complete any of the terms and conditions of her post-adjudicatory improvement period. The DHHR also presented testimony that petitioner inconsistently visited with the child, did not engage with the child during visits, cancelled several visits "due to being busy or sick," and did not see the child after April of 2018. Following the presentation of evidence and arguments from the parties, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of her parental rights was necessary for the child's welfare. Petitioner's parental rights were terminated in the circuit court's October 26, 2018, dispositional order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights. In support, she argues that the circuit court should have granted her motion for an extension of her post-adjudicatory improvement period before proceeding to disposition. We disagree.

West Virginia Code § 49-4-610(6) provides that the circuit court may grant a parent an extension of their improvement period when the parent "has substantially complied with the terms of the improvement period; [when] the continuation of the improvement period will not

---

[2]The father's parental rights were also terminated. According to respondents, the permanency plan for the child is adoption in her current foster placement.

substantially impair the ability of the department to permanently place the child; and [when] the extension is otherwise consistent with the best interest of the child."

Contrary to petitioner's argument that she should have had more time to complete the terms and conditions of her post-adjudicatory improvement period, the record shows that petitioner failed to even initiate any of the services provided. Petitioner failed to complete a psychological evaluation and did not take steps to enter a substance abuse treatment program. Further, petitioner's visits with the child were inconsistent. She cancelled several visits and did not see the child after April of 2018. Additionally, petitioner did not comply with her probation and was arrested for shoplifting in Virginia during the proceedings. Therefore, because she did not substantially comply with the terms and conditions of her improvement period, petitioner did not meet the applicable burden to receive an extension of her post-adjudicatory improvement period and the circuit court did not err in denying her motion.

We further find no error in the termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental and custodial rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

The evidence discussed above supports the termination of petitioner's parental rights. While petitioner admits that she missed visits with the child, she asserts that she "had custody of the child for most of the first three years of said child's life" and that "certainly there is time for [petitioner] to re-establish the mother-child bond, as young children are resilient." However, "[w]e have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). The record indicates that petitioner was inconsistent with visits, cancelled several visits "due to being busy or sick," was not engaged with the child during visits she did attend, and, after April of 2018, did not see the child again. Based on the evidence, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that the termination of her parental rights was in the child's best interests. Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 26, 2018, dispositional order is hereby affirmed.

3

Affirmed.

**ISSUED**:  September 13, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison